IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Brunson, | ) | C/A No.: 3:11-cv-2013-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| John M. McHugh, Secretary of the Army, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the court on Plaintiff Ronald Brunson's Objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge assigned to this action has prepared a Report and Recommendation ("the Report") wherein she suggests that the defendant's motion for summary judgment (ECF No. 7) should be granted. Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the Magistrate Judge's Report and fully incorporates it into this order.

**I.    Standard of Review**

    **A.    Report and Recommendation**

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

1

Parties are allowed to make written objections to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.     Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II.    Factual and Procedural History

In this employment discrimination case, Plaintiff is suing John M. McHugh, Secretary of the Army, alleging gender discrimination related to his employment as a

Respiratory Therapist at Moncrief Army Community Hospital ("MACH") at Fort Jackson, South Carolina.  The Magistrate Judge's Report provides a detailed history of the plaintiff's employment at MACH.  To briefly summarize the events leading to Plaintiff's dismissal from MACH, Plaintiff was fired after three separate complaints were filed against him related to misconduct with female patients.  One of the complaints was made in the form of an anonymous Interactive Customer Evaluation ("ICE") and stated that Mr. Brunson was "too personal" with his patients, touching them too long and standing too close to them.  The other two complaints were lodged by female soldiers in training.  Both women made sworn statements to the Fort Jackson Military Police complaining of inappropriate conduct by Mr. Brunson while he was administering respiratory tests to them.

After MACH received the anonymous complaint through an ICE and the first complaint from a female soldier in training, Plaintiff's supervisors attempted to talk to him about the proper procedures for seeing female soldiers in training.  That occurred in August 2009, and no further action against Mr. Brunson was taken at that time.  In fact, subsequently, his temporary appointment as a Respiratory Therapist was converted to a permanent appointment.  However, in April 2010, when MACH received the second complaint about Plaintiff from a female soldier in training, Mr. Brunson was reassigned pending an investigation into the second set of allegations.  After the investigation was conducted by the Military Police, he was charged with simple assault.[1]  On May 26, 2010, one of Plaintiff's supervisors, Ms. Studstill, gave Plaintiff a memorandum styled

---

[1] This charge was dismissed by a federal district court on September 21, 2010.

"Termination During Trial Period" terminating his federal employment effective June 3, 2010. The memorandum stated that Mr. Brunson's employment was being terminated for: (1) providing a false statement to a patient; (2) touching his penis in front of a patient; (3) hugging and kissing a patient; (4) failure to follow supervisory instructions; and (5) telling a patient he would allow her to breathe in a water substance so that she could pass a medical test.

After being fired, Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging that he was terminated on the basis of gender. Following an investigation into those allegations, the agency issued a Final Agency Decision concluding that Mr. Brunson was not the victim of intentional discrimination.

On August 2, 2011, Plaintiff filed this action against John M. McHugh, Secretary of the Army, alleging gender discrimination related to his employment as a Respiratory Therapist at MACH. (ECF No. 1). Defendant filed a Motion for Summary Judgment on October 11, 2011. (ECF No. 7). Plaintiff filed his Response in Opposition on October 28, 2011 (ECF No. 8), and Defendant replied on November 14, 2011 (ECF No. 15). Before ruling on Defendant's Motion for Summary Judgment, the Magistrate Judge issued an order giving Plaintiff the opportunity to file an affidavit pursuant to Rule 56(d) identifying with specificity the alleged facts that were not supported by the evidence and further identifying whether discovery was likely to reveal evidence to support those facts. Plaintiff filed an affidavit on March 14, 2012 (ECF No. 26), and Defendant filed a reply to the affidavit on March 26, 2012 (ECF No. 31). The Magistrate Judge then issued her

Report and Recommendation, recommending that the defendant's motion for summary judgment be granted.

## III. Discussion

The petitioner has made a number of specific objections to the Magistrate Judge's Report. The court addresses each of the specific objections below but finds that none of the petitioner's objections overcomes the failure to show a prima facie case of discrimination or the failure to show that the reasons for termination are pretextual.

### A. Prima Facie Case of Discrimination

In her Report, the Magistrate Judge opines that Defendant's Motion for Summary Judgment should be granted because Plaintiff has failed to show a prima facie case of discrimination. Defendant concedes three out of four prongs of the prima facie case— namely (1) that Plaintiff is a member of the protected class, (2) that Plaintiff suffered an adverse employment action, and that (3) Plaintiff's position was filled by a similarly-qualified person outside the protected class. (ECF No. 7-1, p. 10; ECF No. 15, p. 7); *see Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). However, Defendant does not concede the remaining prong of the prima facie case—that Plaintiff was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action. Based on the multiple allegations of improper conduct, the Magistrate Judge has found that Mr. Brunson was not meeting his employer's expectations and that there is no question of material fact as to that prong. As such, the Magistrate Judge's Report recommends that this court grant Defendant's Motion for Summary Judgment based on Plaintiff's failure to establish a

5

prima facie case of discrimination. This court concurs with the Magistrate Judge's assessment.

Plaintiff objects to the Magistrate Judge's finding that he was not meeting his employer's legitimate expectations at the time he was terminated and that there is no question of material fact as to that issue. Plaintiff focuses much of his argument on the chaperone policy set forth in the Standard Operating Procedures for MACH, asserting that there "is substantial evidence of a genuine issue of material fact which questions the validity of the existence of the policy and whether the policy was in force at the time of the allegations." (ECF No. 34, p. 5). However, even if there was some question as to what Plaintiff had been told about the chaperone policy, there are four other reasons unrelated to chaperones listed as justification for terminating his employment. These reasons are sufficient to show that he was not meeting his employer's legitimate expectations when he was terminated.

Plaintiff also asserts that his supervisor, Ms. Studstill, did not perform a proper investigation of the allegations against Plaintiff before terminating him. According to Plaintiff, Ms. Studstill should have conducted an investigation similar to that of the supervisor in *King v. Rumsfeld*, 328 F.3d 145 (4th Cir. 2003), who investigated an employee by talking with the students who made allegations against the employee and by making his own observations of the employee. Plaintiff further points out that when Ms. Studstill observed the plaintiff, she found him to be performing his job to her satisfaction. Although the Fourth Circuit found in *King* that the supervisor had shown substantial evidence that the employee was not meeting legitimate job performance expectations, the

6

court did not indicate that those same investigation techniques were required to show that an employee is not meeting expectations. Plaintiff has cited no other authority to support his argument that Ms. Studstill was required to speak directly to the soldiers in training to verify the sworn statements that they made to the Fort Jackson Military Police. As to Ms. Studstill's observations of Plaintiff, those observations took place prior to a third complaint of inappropriate physical conduct against Plaintiff, and, as such, those observations are insufficient to show that Mr. Brunson was meeting legitimate job performance expectations at the time he was fired. This court fully agrees with the Magistrate Judge that "[i]n light of the multiple allegations of workplace misconduct, Plaintiff cannot demonstrate that he was performing his job satisfactorily at the time of his termination." (ECF No. 33, p. 8).

### B.     Burden-Shifting and Pretext

According to the Magistrate Judge, even assuming that Plaintiff has established a prima facie case, the Defendant's Motion for Summary Judgment should be granted because Defendant has offered legitimate non-discriminatory reasons for terminating Plaintiff's employment, and Plaintiff is unable to show that Defendant's reasons are pretextual. Again, this court agrees with the Magistrate Judge's factual and legal conclusions and agrees that the motion for summary judgment should be granted.

Plaintiff objects to the Magistrate Judge's determination that the reasons for terminating Plaintiff's employment are both legitimate and non-discriminatory. Specifically, he denies that the following reasons given in the termination memoradunm ever occurred: providing a false statement to a patient, touching his penis in front of a

7

patient, hugging and kissing a patient, and telling a patient he would allow her to breath in a water substance so that she could pass a medical test. As to the failure to follow supervisory instructions, Plaintiff submits that he was told to follow departmental procedures. The Magistrate Judge addressed Plaintiff's denial of the reasons given in the termination memorandum in her Report. "Assuming Plaintiff's version of the facts, as the court must, it is *the decision-maker's perception* of Plaintiff's job-performance, *not the perception of the employee* that is determinative. Additionally, the issue of pretext is whether the employer is lying; mistakes of fact are not evidence of unlawful discrimination." (ECF no. 33, p. 9 (citations omitted) (emphasis added)). This court agrees. Although Plaintiff believes that the facts show that Ms. Studstill had a preference for female Respiratory Therapists, he has been unable to meet his burden and show that the reasons given for terminating Plaintiff's employment were false and pretextual. As such, this court adopts the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted.

### C.     Facts Warranting Additional Discovery

The Magistrate Judge has already responded to Plaintiff's affidavit listing material issues of fact that require further discovery; however, Plaintiff submits additional issues in his objections. According to Plaintiff, further discovery is needed to resolve questions of fact regarding the following issues: (1) what Plaintiff was told about the chaperone policy; (2) whether reasons 1, 2, 3, and 5 given in the termination memorandum are false; (3) whether Ms. Studstill believed that Plaintiff was guilty of the allegations made by a soldier in training; and (4) whether Ms. Studstill favored female respiratory therapists over male

ones. This court has already discussed the materiality of the chaperone instructions, the truth of the reasons given for terminating Plaintiff, and Ms. Studstill's preference for females. Given the plaintiff's burden to show a prima facie case of discrimination and to show that the reasons for his termination were pretextual, none of these "questions of fact" are material to the summary judgment determination. As to whether Ms. Studstill believed that Plaintiff was guilty of allegations made against him, that testimony is already a part of the record in this case. Specifically, in the Fact Finding Conference, Ms. Studstill testified that she believed Plaintiff did something inappropriate during at least one visit with a soldier in training. (ECF no. 7-19, p. 8). Additionally, as pointed out by the defendant

> Mr. Brunson [has] acknowledge[d] that Ms. Studstill and Dr. Wille made the decision to terminate him "when they learned of the police investigation . . . ." Thus, there is no genuine dispute between the parties that it was the complaint of sexual misconduct in the workplace, the police investigation, and the resulting criminal charge that were the cause of Mr. Brunson's termination.

(ECF No. 31, p. 8 (quoting ECF No. 8, p. 3)). This court finds that summary judgment is proper at this stage because none of the discovery requested by Plaintiff in his objections would reveal evidence demonstrating a dispute of material fact.

**IV.    Conclusion**

For the reasons discussed above, this court grants Defendant's Motion for Summary Judgment. (ECF No. 7).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 29, 2012                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge